ELIZABETH ENNEKING v. BERNARD WOEBKENBERG.[1]

January 9, 1903.

Nos. 13,339—(194).

**Conversion—Verdict.**

In an action for the conversion of a promissory note it is *held* that the evidence sustains the verdict of the jury to the effect that the note was delivered to the plaintiff by the maker, and that she was the owner thereof.

Appeal by defendant from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial. Affirmed.

*Stewart & Brower*, for appellant.

*Theodor Bruener*, for respondent.

START, C. J.

Action for the conversion by the defendant of a promissory note dated March 19, 1896, for $350, signed by him, and made payable to the order of the plaintiff five years after date, with interest. The complaint alleges that the plaintiff was the owner of the note, and entitled to the possession thereof, and that the defendant had converted it to his own use. The answer denied the allegations of the complaint. There was a verdict for the plaintiff for $387.50, the amount due on the note. The defendant appealed from an order denying his motion for a new trial.

The principal question for our decision is whether the verdict is supported by the evidence. There is a conflict in the evidence,

[1] Reported in 92 N. W. 932

but from it the jury were justified in finding these facts: The father of the plaintiff conveyed to the defendant, his son-in-law, certain land, and as a part of the consideration thereof the defendant agreed to pay to the plaintiff the sum of $350. This amount the defendant admitted that he owed to the plaintiff, and in consideration thereof made the note in question payable to the plaintiff, and took it to her. After examining it, she objected to the time of payment, and said to the defendant that her husband did not want the note, and she could not take it, and the best thing would be to take it back to her father. Thereafter the defendant delivered the note to the plaintiff's father, in whose possession it remained for some two years. The defendant paid to the father the interest on the note and $50 on the principal. The interest was paid by the father to the plaintiff, and he loaned the $50 to a third party, taking his note therefor in his own name. This and the original note he left—for what purpose does not clearly appear—at the house of another daughter, whose husband, without authority from the father, took the original note, and turned it over to the defendant in payment of money the defendant had paid for him. After the note came into the possession of defendant, he promised to pay it. The plaintiff demanded the note of the defendant, who refused to deliver it to her.

Counsel for the defendant urges that the evidence fails to show that the plaintiff was the owner of the note, for the reason that the facts—taking the plaintiff's own version of the evidence—show no delivery of the note. It is true, as counsel claims, that, to constitute a delivery of a promissory note, it must pass from the maker to the payee with the intention on the part of the maker to transfer the title to the payee, who must accept it with the intention of receiving the title thereto. It is not, however, necessary that there should be a manual transfer and acceptance of the instrument, for a constructive delivery is sufficient if made with intention of transferring the title.

It is quite clear from the evidentiary facts which the evidence tends to establish that the defendant did not understand that the plaintiff unqualifiedly refused to accept the note, but, on the contrary, that he understood that he had parted with all interest in

and control over the note. He made the note because he owed the plaintiff the amount thereof, and left it with her father as she directed, or at least suggested. He paid the interest thereon, and a part of the principal thereof. He never claimed to own or control the note until he secured possession of it in negotiations with a third party, who happened to have the note in his possession. Prior to this transaction some person other than the defendant owned the note. Who was it, if not the plaintiff? Certainly not her father, for it was by her direction that the note was left with him. He recognized the fact that he held the note for her, for he paid the interest to her. The question whether the plaintiff accepted the note is a close one upon the evidence, but we are of the opinion that the finding of the jury is sustained by the evidence. Whatever her purpose may have been when she declined to take the note, and directed that it be taken back to her father, still the fact that she thus assumed control over it, and that the interest was thereafter paid to her, taken in connection with the defendant's acts with reference to the note, justify the inference that she accepted the note and the title thereto vested in her before the note left the possession of her father. We accordingly hold that the verdict is sustained by the evidence.

The defendant also urges as error the rulings of the court in excluding evidence tending to show that the father of the plaintiff, while he had possession of the note, stated that the note should go to the defendant and his brother. There is no evidence in the case which would justify a finding that the plaintiff's father was the owner of the note; hence any statements or promises of his as to the future disposition of the note would be immaterial. It is also claimed that the evidence was admissible for the purpose of impeaching the testimony of the father, who was called as a witness for the plaintiff. It was not offered as impeaching evidence; besides, there can be no contradiction of a witness on matters not material to the issue for the purpose of impeachment. The rulings complained of were correct.

The court did not err in receiving evidence tending to show the consideration for the note. It is true that the note imported prima facie a consideration, but proof of a fact, so presumed,

by competent or incompetent evidence, is not reversible error. Horton v. Williams, 21 Minn. 187. It was, however, proper to prove the actual consideration for the note for the purpose of showing the actual relation of the defendant, the plaintiff, and her father to the note. The trial judge, in the course of his instruction to the jury, said to them this:

"I will submit this question, without commenting, whether there was ever an intentional delivery, actual or constructive, of this note. If there was not, she never was entitled to the possession of it. If there never was any authorized delivery of it, then she is not the owner, and not entitled to the possession. *In passing upon that question you take into consideration all the surrounding circumstances, and gather, if you can, what the evident intention of all the parties was to that transaction.*"

The part we have italicized was excepted to on the motion for a new trial, and is here urged as prejudicial, because it, in effect, directed the jury that they should endeavor to carry out the original contract; that is, as we understand counsel, the contract between the plaintiff's father and the defendant as to the conveyance of the land. It is clear on the face of the instruction complained of that it related to the matter of the delivery of the note, and that it was correct.

Order affirmed.